UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────

DESMOND DEFREITAS,

                              Petitioner,

        v.                                          9:16-CV-0638
                                                    (LEK/ATB)
MICHAEL KIRKPATRICK,

                              Respondent.

─────────────────────────────────

APPEARANCES:                          OF COUNSEL:

DESMOND DEFREITAS
10-B-0401
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN            DENNIS A. RAMBAUD, AAG
Attorney for Respondent
Office of the Attorney General
120 Broadway
New York, New York 10271

ANDREW T. BAXTER
United States Magistrate Judge

                    **DECISION and ORDER**
I.      **INTRODUCTION**

        Petitioner Desmond DeFreitas filed a second motion to stay his petition for a writ of

habeas corpus, along with several exhibits.  Dkt. No. 26, Letter Motion; Dkt. Nos. 26-1

through 26-6, Exhibits.  He also asks the court to appoint counsel.  *See* Dkt. No. 26 at 2.[1]

Respondent opposes the motion to stay, and any motion to amend that is "implicitly

─────────────────────

        [1]  The cited page numbers refer to those generated by the court's electronic filing system ("ECF").

contain[ed]" in petitioner's motion papers.  Dkt. No. 29, Opposition Letter.  For the reasons
that follow, petitioner's motions are denied.

## II.    MOTION FOR COUNSEL

Petitioner states that counsel is necessary to assist him because he is "housed in the
APPU unit" at the Clinton Correctional Facility, and he is being denied access to the courts
because "none of the law clerks" at the prison are "qualified or knowledgable [sic] enough" to
assist him.  Dkt. No. 26 at 2.  As the court noted in its June 17, 2016 Decision and Order,
there is no constitutional right to representation by counsel in habeas corpus proceedings.
Dkt. No. 6 at 2 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  A court may
appoint counsel for "any financially eligible person" where "the interests of justice so
require[.]" 18 U.S.C. §3006A(a)(2)(B).  In determining whether to appoint counsel, a habeas
court should "consider the petitioner's likelihood of success on the merits of his petition, the
complexity of legal issues raised by such application and the petitioner's ability to investigate
and present his case to the federal habeas court."  *Soto v. Walker*, No. 9:00-CV-0197
(TJM/DEP), 2005 WL 2260340 at *4 (N.D.N.Y. Sept. 15, 2005); *see Hodge v. Police Officers*,
802 F.2d 58, 60-61 (2d Cir. 1986).

Petitioner has not been granted in formal pauperis status, and therefore is ineligible
for appointment of counsel.  But even assuming petitioner is a "financially eligible person"
under 18 U.S.C. §3006A (a)(2)(B), there is no "special reason" why appointing counsel to
assist petitioner is warranted.  *Hodge,* 802 F.2d at 62.  Petitioner has not demonstrated that
his claims are overly complex, or that "appointment of counsel would be more likely to lead to
a just determination."  *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954 at *2 (S.D.N.Y.

2

Mar. 8, 2004) (citing *Terminate Control Corp v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)). His request for appointment of counsel is denied.

## III. THE MOTION TO STAY

Turning to the motion to stay, petitioner claims that a witness statement and a police report were altered to assist the prosecutor's case. First, he claims that it is "his recollection" that at a bail hearing held on or about September 28, 2008, the prosecutor read into the record a statement by S.R., a witness. Dkt. No. 26 at 1-2. According to petitioner, S.R. originally claimed that petitioner and S.R.'s sister, A.R., "entered the residence at 306 Kingsley Rd," S.R. "heard someone within the house, using a hammer," and petitioner and A.R. exited the house with "kitchen cabinets." *Id*. Petitioner claims that although the prosecutor later disclosed to him a statement made by S.R., there is "absolutely no mention of somebody using a hammer inside the residence at 306 Kingsley Rd." *Id.* at 2 (emphasis in original). Petitioner "believe[s] that it would be fair to speculate that the prosecutions' team, had S.R. sign a 'new and improved' (for their purpose) statement, omitting the portion wherein she claimed to have heard the use of a hammer." *Id.* (citing Dkt. No. 24-4 at pages labeled R-199 to R-205). Petitioner attached affidavits from Concetta DeFreitas, Francesca Ciro, and Salvatore Curto attesting that they, too, remember the prosecutor reading a statement by S.R. at the bail hearing that referenced the use of a hammer. *See* Dkt. No. 26-4 at R-206 (Affidavit of Concetta DeFreitas, dated March 2, 2015); Dkt. No. 26-4 at R-207 (Affidavit of Francesca Ciro, dated June 17, 2015); Dkt. No. 26-4 at R-208 (Affidavit of Salvatore Curto, dated Dec. 23, 2016).

Petitioner next argues that a police report was improperly altered. Dkt. No. 26-4 at 2.

The report in question was prepared by New York State Police Investigator George Bird. Dkt. No. 26-1 at ¶¶111-20 (citing Dkt. No. 26-3 at R-130-36). Petitioner states that the second page of the report, originally dated January 23, 2009, was later replaced by a page with different content that is dated February 2, 2009. *See* Dkt. No. 26-1 at ¶115; Dkt. No. 26-3 at R-131-32. Petitioner appears to argue Investigator Bird "purposefully altered" the report to aid the prosecutor's case by eliminating any reference to an incident that occurred on "Easter Sunday 2008." Dkt. No. 26-1 at ¶¶118, 119. He also states that the fifth page of the report was altered because it bears a different date than pages one through four and six. *Id.* at ¶120. Petitioner claims, "I believe that Investigator Bird removed all mention of the 'Easter Sunday 2008' incident to directly aid the prosecution's case," and that Investigator Bird's "actions deprived [petitioner's] defense attorney the opportunity to use this information to prove that these cases were false" and to challenge Investigator Bird's credibility. *Id.* at ¶119.

Petitioner states that he intends to file a motion to vacate his conviction in state court based on these allegations, but has not done so because he is "conducting an ongoing investigation, along with collecting evidence." Dkt. No. 26-1 at 3. He also complains that the Schoharie County District Attorney's Office failed to comply with a court order requiring disclosure of certain documents petitioner requested pursuant to the Freedom of Information Law ("FOIL"). *Id.* at 4.[2]

## IV.    DISCUSSION

When a district court is presented with a "mixed petition" containing both exhausted

_____

[2] *See* Dkt. No. 26-6, Judgment.

4

and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 275, 277.

Petitioner does not clearly identify what constitutional claims he intends to raise in state court based upon the alleged altered reports identified in his motion. Dkt. No. 26. There are, however, no claims in his pending petition related to either report. *See* Dkt. No. 1. Therefore, the petition does not appear to be "mixed" with respect to any claims related to the alleged altered reports, and a stay to permit petitioner to exhaust these new claims is inappropriate. *Rhines*, 544 U.S. at 277; *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362 at *1 (W.D.N.Y. Sept. 17, 2008); *Hall v. Conway*, No. 6:04-CV-6011, 2008 WL 2559371 at *1 (W.D.N.Y. Jun. 23, 2008).

Additionally, petitioner has not demonstrated good cause for failing to raise claims related to the alleged altered reports in state court sooner. *Rhines*, 544 U.S. at 277-78. He has not yet filed a motion to vacate his conviction in state court and, therefore, the exhaustion process has not yet begun. Dkt. No. 26 at 3. Petitioner claims the reason for the delay is that he is still investigating his claims, but the claims appear be based on information that is not new. For example, the bail hearing, at which petitioner and those who completed affidavits were present, took place in 2008. Petitioner had two of the three supporting affidavits attached to his motion by June 2015, well before he filed his federal habeas

petition.  *See* Dkt. No. 26-4 at R 206-207.  Petitioner similarly fails to explain why he did not challenge Investigator Bird's police report sooner, making only a cursory reference to that claim in his motion.  *See* Dkt. No. 26 at 2.  Petitioner's apparent arguments that he knew of the claims, but could not prove them, and his pro se status, are insufficient to establish good cause.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("petitioner waited years, without any valid justification, to assert these claims in his November 27, 1996, PCRA petition. Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years before he filed his PCRA petition, but he also sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.");  *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993) ("Ignorance or inadvertence will not constitute "cause."");  *Garner v. Superintendent*, No. 9:10-CV-1406 (GTS), 2012 WL 3929944 at *4 (N.D.N.Y. Sept. 10, 2012) ("Petitioner is not excused from showing cause because he was proceeding pro se, or was unaware of the applicable procedure or law.").  Additionally, petitioner has not established that any claims related to the alleged altered reports are not plainly meritless.  *Rhines*, 544 U.S. 269, 275, 277.  Petitioner's motion to stay this action is therefore denied.

Finally, petitioner has not moved to amend his petition to include any claims related to the alleged altered reports.  Fed. R. Civ. P. 15; N.D.N.Y. L.R. 7.1; *see Mayle v. Felix*, 545 U.S. 644, 664 (2005).  To the extent petitioner's papers may be read to include a motion to amend, however, it is denied.  Motions to amend habeas petitions are governed by Rule 15

of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").[3]  Under Rule 15(a)(2), a party may amend its pleadings upon consent of the opposing party or by leave of the court, and courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Littlejohn*, 271 F.3d at 363.  A court may deny a motion to amend where the proposed amendment would be futile.  *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

When a petitioner wants to add new claims to his habeas petition after the expiration of AEDPA's one year statute of limitations, he or she must show that the proposed amendment "relates back" to the claims in the original, timely petition.  Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  The definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context does not encompass a petitioner's state-court criminal "trial, conviction, or sentence."  *Mayle*, 545 U.S. at 656.  To hold otherwise would mean that "virtually any new claim introduced in an amended petition" would "relate back" under Rule 15(c), since "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior

---

[3]  Under Rule 15(a)(1)(A), a party may amend a petition once as a matter of course within "21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  Here, more than 21 days passed between the time petitioner filed his original petition, dated May 31, 2016, and the date of his current motion.  Therefore, petitioner may not amend his petition as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A).  Rule 15(a)(1)(B) provides that if a pleading is one to which a responsive pleading is required, a party may amend within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier."  Fed. R. Civ. P. 15 (a)(1)(B).  "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required."  *Argraves v. United States*, No. 3:11-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013); *see* Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders.").

thereto." *Id.* at 657.  Instead, the original and amended petitions must "state claims that are tied to a common core of operative facts" (*Mayle*, 545 U.S. at 664) and must arise from "the conduct, transaction or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  If the amended petition asserts a new ground for relief that is supported by facts that are different "in both time and type" from those in the original pleading, the amended petition does not relate back.  *Mayle*, 545 U.S. at 649-50, 657.

In this case, the Appellate Division affirmed petitioner's conviction on April 3, 2014, and the New York Court of Appeals denied leave to appeal on September 12, 2014.  *People v. DeFreitas*, 116 A.D.3d 1078 (3d Dep't. 2014), *lv. denied* 24 N.Y.3d 960 (2014).  His conviction became final for purposes of AEDPA ninety days later, on December 11, 2014.  28 U.S.C. §2244(d)(1);[4] *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).  Taking into account the time his state court writ of error coram nobis was pending, petitioner had until June 27, 2016 to file a timely petition.  28 U.S.C. §2244(d)(1).  His original petition, dated May 31, 2016, is timely, but any new claims related to the alleged altered reports are not unless they relate back to the original petition, or equitable tolling or an equitable exception applies.[5]

---

[4] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence).  28 U.S.C. § 2244(d)(1)(B)-(D).  None of these alternative bases for a later date upon which the statute of limitations could have begun to run apply in this case.

[5] The filing of petitioner's federal habeas petition did not operate to toll AEDPA's statute of limitations because it is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

As noted, petitioner has not specified the constitutional claims he would raise relating to the alleged altered reports, but there is no reference to the reports in his pending petition. Without a clear statement of what constitutional claims petitioner would raise, the court cannot determine if the new, unspecified claims have a "clear connection" to, or relate back, to the original petition. *Gibson v. Artus*, 407 F. App'x. 517, 519 (2d Cir. 2010). Petitioner also has not alleged or established any basis for equitable tolling or the application of an equitable exception. *McQuiggin v. Perkins*, U.S. , 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Because it appears that any new claims related to the alleged altered reports would be untimely, it would be futile to permit an amendment to include them.

V.      **CONCLUSION**

    **WHEREFORE**, it is

    **ORDERED** that petitioner's motions, Dkt. No. 26, are **DENIED**; and it is

    **ORDERED**, that briefing in this case is closed and the petition is under review. A decision will issue in due course. No further submissions will be accepted for filing without permission from the Court; and it is

    **ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: March 6, 2017

_____
**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**

9